# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAMELBAK PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 23-cv-00496 <br><br> **Judge Matthew F. Kennelly** <br><br> **Magistrate Judge Gabriel A. Fuentes** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff CamelBak Products LLC ("CamelBak" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction as to Defendant Nos. 13-40 (collectively, the "Defendants").

# MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiff CamelBak Products LLC brings the present action against the defendants identified on Schedule A to the Complaint for infringement of U.S. Design Patent No. D732,392. As alleged in Plaintiff's Complaint [1], Defendants are knowingly and willfully offering for sale, selling, and/or importing into the United States for subsequent resale or use products that infringe directly and/or indirectly CamelBak's patented design, U.S. Patent No. D732,392 (the "Infringing Products") through various fully interactive, e-commerce stores[1] operating under the seller aliases listed in Schedule A to the Complaint (collectively, the "Seller Aliases").

## II. STATEMENT OF FACTS

On February 1, 2023, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO") [22]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Mills and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [22] at ¶ 7. Since and pursuant to entry of the Temporary Restraining Order, financial accounts associated with Defendant Nos. 13-40 have been frozen. *See* Declaration of Jake M. Christensen at ¶ 2. Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction as to Defendant Nos. 13-40.

---

[1] The ecommerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces.

## III. ARGUMENT

### A. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied. *See* [22].

### B. The Equitable Relief Sought Remains Appropriate

Since entry of the TRO, Amazon.com, Inc., eBay, Inc., PayPal, Inc., Walmart Inc., and Wish.com have restrained accounts linked to the Seller Aliases that were offering for sale and/or selling the Infringing Products. In the absence of a preliminary injunction, Defendants may attempt to move assets from their financial accounts to an offshore account. In addition, and as established in Plaintiff's TRO Memorandum [14], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction as to Defendant Nos. 13-40.

Dated this 17th day of February 2023.        Respectfully submitted,

/s/ Jake M. Christensen
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff CamelBak Products LLC*