# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAMELBAK PRODUCTS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 23-cv-00496<br><br>**Judge Matthew F. Kennelly** |

**PRELIMINARY INJUNCTION ORDER AS TO DEFENDANTS NO. 13 THROUGH 40**

THIS CAUSE being before the Court on Plaintiff CamelBak Products LLC ("CamelBak" or "Plaintiff") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety as to Defendant Nos. 13-40 identified in Schedule A attached hereto (collectively, the "Seller Aliases").

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold the same product that infringes directly and/or indirectly Plaintiff's United States design patent shown in the below chart (the "CamelBak Design") to residents of Illinois.

| Patent Number | Claim | Issue Date |
|---|---|---|
| D732,392 | | June 23, 2015 |







THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of CamelBak's previously granted Motion for Entry of a Temporary Restraining Order establishes that CamelBak has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that CamelBak will suffer irreparable harm if the injunction is not granted. Specifically, CamelBak has proved a *prima facie* case of design infringement because (1) CamelBak is the lawful assignee of all right, title and interest in and to the CamelBak Design, (2) Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the CamelBak Design, and (3) an ordinary observer would be deceived into thinking the Infringing Product was the same as the CamelBak Design. Furthermore, Defendants' continued and unauthorized use of the CamelBak Design irreparably harms CamelBak through loss of customers' goodwill, reputational harm, and CamelBak's ability to exploit the CamelBak Design. Monetary damages fail to address such damage and, therefore, CamelBak has an inadequate remedy at law. Moreover, the public interest

is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and other persons acting in active concert or participation with them be preliminarily enjoined and restrained from:

   a. offering for sale, selling and importing the any products not authorized by CamelBak and that include any reproduction, copy or colorable imitation of the design claimed in the CamelBak Design;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the CamelBak Design; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Upon CamelBak's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' Online Marketplaces, including without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Walmart Inc. ("Walmart"), Etsy, Inc. ("Etsy"), and DHgate (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to CamelBak expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, attorneys, confederates, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com, Walmart, Etsy, DHgate or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon CamelBak's request, those with notice of the injunction, including Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the CamelBak Design.

4. Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, Walmart, Etsy, DHgate and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. CamelBak is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

CamelBak is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7. CamelBak may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to Defendants that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Schedule A to the Complaint [2], Exhibit 1 to the Complaint [3], Exhibit 2 to the Declaration of Paul Mills [17], and the Temporary Restraining Order [22] are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

10. The $10,000 bond posted by CamelBak shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

IT IS SO ORDERED.

DATED: February 21, 2023

Matthew F. Kennelly
United States District Judge

**CamelBak Products, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 23-cv-00496**

**Schedule A**

**Defendant Online Marketplaces**

| No | URL | Name / Seller Alias |
|---|---|---|
| 1 | EXCEPTED | EXCEPTED |
| 2 | EXCEPTED | EXCEPTED |
| 3 | EXCEPTED | EXCEPTED |
| 4 | EXCEPTED | EXCEPTED |
| 5 | EXCEPTED | EXCEPTED |
| 6 | EXCEPTED | EXCEPTED |
| 7 | EXCEPTED | EXCEPTED |
| 8 | EXCEPTED | EXCEPTED |
| 9 | EXCEPTED | EXCEPTED |
| 10 | EXCEPTED | EXCEPTED |
| 11 | EXCEPTED | EXCEPTED |
| 12 | EXCEPTED | EXCEPTED |
| 13 | amazon.com/sp?seller=AOEKLEXXK1VY1 | BinMaoBaiHuo |
| 14 | amazon.com/sp?seller=A170KW19VNBKZO | Caiface |
| 15 | amazon.com/sp?seller=A1XW4WQMH6QYI1 | kunjiunet |
| 16 | amazon.com/sp?seller=A47FFOD31L9OO | PengPengShop |
| 17 | amazon.com/sp?seller=A4L4HW2B7OYEH | Rujun220 |
| 18 | amazon.com/sp?seller=A12Y15YTJMACON | Sancoyr |
| 19 | amazon.com/sp?seller=A1P02J1Y6Q6XGJ | STALIBIU |
| 20 | amazon.com/sp?seller=A3FV5C5BVF9ND3 | TPPNFTEMD US |
| 21 | amazon.com/sp?seller=A3OAH5XECFFI1C | VVWARRIOR |
| 22 | amazon.com/sp?seller=A3A5DKJ5B1ROM3 | xinbowengwenhuachuanmei |
| 23 | amazon.com/sp?seller=A2V3UAO91YR3NQ | yuwanjushanghang |
| 24 | amazon.com/sp?seller=A1ZVMKAQITEFLP | zhuanjiaoyujian |
| 25 | ebay.com/usr/auto-department2018 | auto-department2018 |
| 26 | ebay.com/usr/discover-life | discover-life |
| 27 | ebay.com/usr/pcmw7826 | happylife7826 |
| 28 | ebay.com/usr/haustible | haustible |
| 29 | ebay.com/usr/japancycling | japancycling |
| 30 | ebay.com/usr/wcm-43 | wcm-43 |
| 31 | walmart.com/seller/101043411 | ACOUTO |
| 32 | walmart.com/seller/101109825 | Happy date |

| 33 | walmart.com/seller/101250003 | jinanyinjiuyuyimaoyiyouxiangongsi |
| 34 | walmart.com/seller/101273425 | shanxiqikuizixinxikejiyouxiangongsi |
| 35 | walmart.com/seller/101130307 | shenzhenshiyungangmaoyiyouxiangongsi |
| 36 | walmart.com/seller/101093748 | travelwant |
| 37 | walmart.com/seller/101125341 | unattainy |
| 38 | walmart.com/seller/101070589 | Yirtree |
| 39 | walmart.com/seller/101114386 | yiwushixugetiyuyongpinyouxiangongsi |
| 40 | wish.com/merchant/564316cfdfb6b1288753f8f4 | topeka |