IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMELBAK PRODUCTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNAN YIYI IMPORT AND EXPORT TRADING CO., LTD., et al.,<br><br>Defendants. | Case No. 23-cv-00496<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff CamelBak Products LLC ("CamelBak" or "Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A attached hereto as Exhibit 1[1], (collectively, the "Defaulting Defendants") based on CamelBak's action for infringement of U.S. Design Patent No. D732,392.

**STATEMENT OF FACTS**

CamelBak is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 2000 South McDowell, Suite 200, Petaluma, California 94954. Complaint [1] at ¶ 4. CamelBak is a wholly-owned subsidiary of Vista Outdoor Inc. *Id*. CamelBak is a manufacturer, distributor and retailer of water bottles, packs, coolers, and other merchandise (collectively, the "CamelBak Products"). *Id.* at ¶ 5. CamelBak Products are known for their distinctive patented designs. *Id.* at ¶ 8. CamelBak uses

---

[1] "Defaulting Defendants" as used herein includes all Defendants listed on Schedule A attached as Exhibit 1 that have not been noted as "DISMISSED". The Schedule A attached as Exhibit 1 is also attached to Plaintiff's proposed Final Judgment Order.

1

these designs in connection with its CamelBak Products, including, but not limited to CamelBak's patented design, U.S. Patent No. D732,392 (referred to herein as "CamelBak Design"). *Id*. Additional factual assertions regarding Plaintiff in Paragraphs 4 – 9 of the Complaint are incorporated herein. *Id*. at ¶¶ 4 – 9.

Defaulting Defendants are individuals and business entities of unknown makeup who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Schedule A (collectively, the "Seller Aliases"). *Id.* at ¶ 10; Exhibit 1. Each Defaulting Defendant targets sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold the same unauthorized and unlicensed product that infringe CamelBak's patented design (the "Infringing Products") to residents of Illinois. *Id*. at ¶¶ 2, 14. Additional factual assertions regarding Defaulting Defendants in Paragraphs 10 – 23 of the Complaint are incorporated herein. *Id*. at ¶¶ 10 – 23.

Plaintiff filed this action on January 26, 2023 [1]. On February 1, 2023, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [22], and subsequently extended the TRO [26], and converted the TRO to a Preliminary Injunction as to Defendant Nos. 13-40 [31]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Mills and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [22] at ¶ 7. Defendant Nos. 13-40 were properly served on February 17, 2023. [29]. Defendant Nos. 1-12

were properly served on March 9, 2023. [34]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.

By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) identifying each and every online marketplace account and/or financial account used by Defaulting Defendants, including the owner(s) and/or operator(s) of each Online Marketplace; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants for the last five (5) years; or (3) relating to each and every purchase that Defaulting Defendants have made relating to the CamelBak Design and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and records of investigation notes regarding purchase of the products, including the identity of the person(s) responsible for such investigation. Limited information provided by Alibaba, AliExpress, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), and Walmart Inc. ("Walmart") for Defaulting Defendants indicates that the amount currently restrained in Defaulting Defendants' known financial accounts ranges from $0 - $6,513.87. Gaudio Declaration at ¶ 4. Additionally, the limited information provided by Amazon, Walmart, eBay, and Wish.com indicate that the known revenue generated by some Defaulting Defendants from the sale of the specific Infringing Product listings reported by Plaintiff is up to at least $234.83. *Id*. Plaintiff does not have any infringing sales information for other potential Infringing Products sold by Defaulting Defendants.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count 1 of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products. Plaintiff further seeks an order that, for Defaulting Defendants wherein infringing product revenue is unknown, all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alipay, DHgate, Wish.com, eBay, Walmart, Etsy, and Amazon, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited infringing product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 11, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [1] at ¶¶ 2, 14, 24 and 25; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller

Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to consumers in the United States, including the State of Illinois. [1] at ¶ 14. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Products. *See NBA Properties, Inc. v. HANWJH, 46 F.4th 614, 624-627 (7th Cir. 2022)*; *see also Monster Energy Co. v. Wensheng,* 136 F. Supp. 3d 897, 906-08 (N.D. Ill. 2015).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On January 26, 2023, Plaintiff filed its Complaint alleging federal patent infringement of United States Design Patent No. D732,392 pursuant to 35 U.S.C. § 271 (Count I). [1]. Defendant Nos. 13-40 were properly served on February 17, 2023. [29]. Defendant Nos. 1-12 were properly served on March 9, 2023 [34]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Gaudio Declaration at ¶ 2. On information and belief, the Defaulting Defendants are not active-duty

members of the U.S. armed forces. *Id.* At ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III.  PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defendant Nos. 13-40 on February 17, 2023. [29], and Defendant Nos. 1-12 on March 9, 2023 [34]. The answer deadline has passed and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the CamelBak Design on products sold through the e-commerce stores operating under the Seller Aliases. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Infinging Products. Plaintiff further seeks an order that, for Defaulting Defendants wherein the infringing product revenue is unknown, all assets in their financial accounts, including those operated by PayPal, Alipay, DHgate, Wish.com, eBay, Walmart, Etsy, and Amazon, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited infringing product revenue is

available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Complaint that it is the lawful assignee of all right, title, and interest in and to the CamelBak Design. [1] at ¶ 9. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the CamelBak Design. *Id*. at ¶ 25. Exhibit 1 to the Complaint shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the CamelBak Design. [3]. *See Competitive Edge, Inc. v. Staples, Inc*., 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, Plaintiff alleged that it has not licensed or authorized Defaulting Defendants to use the CamelBak Design, and none of the Defaulting Defendants are authorized retailers of genuine CamelBak Products. [1] at ¶ 15.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for patent infringement against the Defaulting Defendants.

## IV. PLAINTIFF IS ENTITLED TO DEFENDANTS' PROFITS, BUT NOT LESS THAN $250, PURSUANT TO 35 U.S.C. § 289

In the case of design patent infringement, a patentee may recover the total profits made by a defendant under 35 U.S.C. § 289. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc*., 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc*., 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). However, if the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id*. The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. The Supreme Court has made it clear that:

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942). "Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts." *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at *7-8. "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See Bergstrom v. Sears, Roebuck and Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980) ("The burden of establishing the nature and amount of these costs, as well as their relationship to the infringing product, is on the defendants."); *see also WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). Under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Deckers Outdoor Corp. v. ShoeScandal.com, Ltd. liability*

*Co.*, No. CV 12-7382, 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal. Nov. 25, 2013), citing *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the CamelBak Design claims "the ornamental design for a sports bottle" [1-1]. In the case of a design for a single-component product, such as the CamelBak Design, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other Internet stores that they may be operating. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7.

Since Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the greater of the amount restrained or $250.00 for each Defaulting Defendant where infringing product revenue is unknown. *See* 35 U.S.C. §

289; *Oakley, Inc. v. The Partnerships, et al.*, No. 20-cv-02970 (N.D. Ill. Oct. 26, 2020) (unpublished) (Docket No. 61) ("Although the information about defendants' profits and revenues is sparse and there is the possibility that the restrained funds were generated by non-infringing sales, the court concludes that plaintiff's efforts provide the best available measure of profits."); *Moose Labs LLC v. The Partnerships, et al.*, No. 22-cv-04227 (N.D. Ill. Dec. 5, 2022) (unpublished) (Docket No. 43) ("Accordingly, and because no defendant has appeared to rebut the presumption that the contents of defendants' financial accounts are profits from infringing activity, plaintiff's request for damages is granted."). The limited information provided by Alibaba, AliExpress, Wish.com, Amazon, eBay, and Walmart for Defaulting Defendants indicates that the amount currently restrained in Defaulting Defendants' known financial accounts ranges from $0 - $6,513.87. Gaudio Declaration at ¶ 4.

For Defaulting Defendants where limited infringing product revenue is known, the Court should award the greater of the known infringing product revenue or the amount restrained, but no less than $250. *See* 35 U.S.C. § 289. Limited information provided by Amazon, Walmart, eBay and Wish.com indicate that the known revenue generated by some Defaulting Defendants from the sale of Infringing Products is up to at least $234.83. Gaudio Declaration at ¶ 4. However, the limited Infringing Product revenue information available to Plaintiff only includes revenue figures for a single product having a unique product identification number. *Id* at ¶ 5. Because Defaulting Defendants have failed to participate in the proceedings, Plaintiff is unable to obtain information regarding additional e-commerce stores owned by Defaulting Defendants and/or additional products sold by Defaulting Defendants that infringe the CamelBak Design. Further, Plaintiff is unable to obtain information regarding what portion of the amount currently restrained in Defaulting Defendants' accounts are proceeds from the sale of Infringing Products.

A breakdown by Defaulting Defendant of the amount currently restrained, known Infringing Product revenue, if available, and Plaintiff's requested profit award under 35 U.S.C. § 289 is provided in the chart in Paragraph 6 of the Gaudio Declaration. *Id* at ¶ 6.

## V. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the CamelBak Design, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.,* 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC,* 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendants, including a corresponding profit award under 35 U.S.C. § 289 and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products. Plaintiff further seeks an order that all assets in Defaulting Defendants' financial accounts, up to the requested $250 damages amount, including those operated by PayPal, AliPay, DHgate, eBay, Wish.com, Walmart, Etsy, and Amazon, as well as any newly discovered assets, be transferred to Plaintiff.

Dated this 1st day of May 2023.	Respectfully submitted,

/s/ Jake M. Christensen
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff CamelBak Products LLC*